UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOAN R.P.,
                          Plaintiff,

                      22 Civ. 9314 (LGS)
         -against-

                      ORDER

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,
                        Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Joan R.P. brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, seeking judicial review of a decision by an Administrative Law Judge ("ALJ") denying her claim for disability and disability insurance benefits. Plaintiff initially applied for benefits on March 11, 2020. After her application was denied, she requested an ALJ hearing. The hearing took place remotely on May 21, 2021. On September 1, 2021, the ALJ denied Plaintiff's application for benefits after determining that the evidence in the record failed to show that Plaintiff is disabled as defined by governing law. Plaintiff requested review by the Appeals Council, which denied review on September 7, 2022, rendering the ALJ's decision final.

      On October 31, 2022, Plaintiff filed the Complaint in this action. On November 7, 2022, this action was referred to Magistrate Judge Jennifer Willis and subsequently reassigned to Magistrate Judge Gary R. Jones for a report and recommendation ("Report"). Plaintiff filed a motion to remand to the Social Security Administration for further administrative proceedings, which the Report treats as a motion for judgment on the pleadings. The Commissioner filed his own motion for judgment on the pleadings. The Report recommends dismissing Plaintiff's motion and granting the Commissioner's motion. Plaintiff timely filed objections to the Report (the "Objection").

For the reasons below, the Objection is overruled, and the Report's recommendation to deny Plaintiff's motion to remand and grant the Commissioner's motion for judgment on the pleadings is adopted in full.

## I. STANDARD

### A. Standard of Review

A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party. Fed. R. Civ. P. 72(b)(3). In conducting a de novo review, the district court must "arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made." *In re Niedbalski*, No. 21 Misc. 747, 2023 WL 4399003, at *1 (S.D.N.Y. July 7, 2023).[1] The district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). For those portions to which no such objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022).

A court may set aside a determination by the Commissioner only if it is based on legal error or is not supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *Dinorah M.L.E. v. Comm'r of Soc. Sec.*, No. 20 Civ. 8420, 2022 WL 2751869, at *1 (S.D.N.Y. July 13, 2022). Substantial evidence is "a very deferential standard of review -- even more so than the clearly erroneous standard . . . . The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin.*, 683

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

F.3d 443, 448 (2d Cir. 2012) (emphasis in original); *accord Mandato v. Comm'r of Soc. Sec.*, No. 22 Civ. 4000, 2023 WL 6237683, at *8 (S.D.N.Y. Sept. 26, 2023). Substantial evidence requires "more than a mere scintilla" of evidence; it "means such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion." *Brault*, 683 F.3d at 447-48 (emphasis in original); *accord Mandato*, 2023 WL 6237683, at *8. Courts are instructed to "defer to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012); *accord Dinorah*, 2022 WL 2751869, at *1.

### B. Disability Determinations

The Social Security Act defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A claimant qualifies as disabled if her impairment(s) prevent her from performing (i) any previous work and (ii) considering her age, education and work experience, any other kind of substantial gainful activity that exists in the national economy. *See* 42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). "First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If [she] is not, the Commissioner next considers whether the claimant has a severe impairment which significantly limits [her] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Commissioner will

consider [her] *per se* disabled.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [she] has the residual functional capacity to perform [her] past work.  Finally, if the claimant is unable to perform [her] past work, the Commissioner then determines whether there is other work which the claimant could perform."  *Selian v. Astrue*, 708 F.3d 409, 417-18 (2d Cir. 2013).  A claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the final step.  *Id.* at 418.

II. **DISCUSSION**

The ALJ concluded that Plaintiff is not disabled under Sections 216(i) and 223(d) of the Social Security Act.  In substance, the ALJ made the following determinations at each of five steps:  (1) Plaintiff is not currently engaged in substantial gainful activity; (2) Plaintiff has the following severe impairments: degenerative disc disease, obesity, an anxiety disorder, a somatic disorder, and chronic fatigue syndrome, which "would reasonably cause more than minimal limitations on [Plaintiff's] ability to perform basic work activities"; (3) Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments; (4) Plaintiff is unable to perform any past relevant work; (5) Plaintiff "has the residual functional capacity to perform sedentary work" with certain specified limitations.

Plaintiff argued before Judge Jones that the ALJ's conclusions were not supported by substantial evidence.  The Report rejected Plaintiff's challenges to the ALJ's decision, finding that the ALJ's decision was supported by substantial evidence and consistent with applicable law.  In the Objection, Plaintiff asserts that (1) the ALJ did not understand the nature of Plaintiff's somatic symptom disorder and its effects on her employability and (2) the treatment

4

record documents Plaintiff's inability to engage in substantial gainful activity due to the interaction of physical and mental impairments. The Objection is overruled because substantial evidence supports the ALJ's findings.

### A. Effects of Impairments on Employability

Plaintiff argues that the ALJ's finding of no disability was flawed because the ALJ did not understand the nature of somatic symptom disorder and the effects of her impairments on her employability. This argument is incorrect.

Substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled under the applicable law. As detailed above, to find that a claimant is not disabled, the Commissioner must show that there is other work the claimant could perform. *See Selian*, 708 F.3d at 418. The ALJ credited Plaintiff's symptoms but concluded that she was not disabled because "the evidence does not indicate that [Plaintiff's] symptoms are of such frequency and intensity as to preclude all work activity."

The ALJ credited that Plaintiff's somatic symptom disorder is a severe impairment. The ALJ also credited that Plaintiff has "psychogenic disorder and non-epileptic seizures" and symptoms of facial droop, muscle weakness and tremors. The ALJ credited Plaintiff's husband's testimony that she experiences symptoms "sporadically" and sometimes daily. The ALJ concluded that these physical impairments result in some degree of functional limitation.

However, the ALJ concluded that the physical impairments do not limit Plaintiff to the degree alleged. To reach this conclusion, the ALJ reviewed evidence from several physicians who evaluated Plaintiff's medical records. The ALJ accepted the testimony of Dr. Block, who evaluated Plaintiff for fatigue, non-epileptic seizures, muscle weakness, fatigue, difficulty walking long distances and facial droop. Dr. Block reported that Plaintiff did not have a seizure

in four weeks, that she was walking better and that her fatigue was better. The ALJ also relied on clinical findings and examinations, which the ALJ stated did not establish persistent weakness, sensory deficits or restriction of motion.

Plaintiff argues that practitioners who treated Plaintiff and possibly the medical experts who testified at the ALJ hearing failed to understand that normal objective testing results are consistent with somatic symptom disorder and do not indicate that Plaintiff is faking her impairment. Although the ALJ does consider that Plaintiff's neurological tests are normal, the ALJ also credits that Plaintiff's somatic symptom disorder is a severe impairment and recognizes her seizures, facial droop and other symptoms. Nothing in the report suggests that the ALJ concluded that "Plaintiff is faking her impairment." Plaintiff's allegation that the ALJ did not understand the nature of somatic symptom disorder appears to be unfounded and in any event is insufficient to show that the ALJ's decision is unsupported by substantial evidence.

### B. Interaction of Physical and Mental Impairments

Plaintiff argues that the ALJ's finding of no disability was flawed because Plaintiff is unable to engage in substantial gainful activity due to the interaction of her physical and mental impairments. This argument also is unpersuasive.

Substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled under the applicable law. The determination of whether a claimant is disabled involves a consideration of the claimant's physical or mental ability to do basic work activities. *See Selian*, 708 F.3d at 417. In addition to considering Plaintiff's physical impairments as discussed above, the ALJ also considered Plaintiff's mental impairments and concluded that their severity -- both individually and in combination -- allow her to engage in certain forms of sedentary work. In particular, the ALJ concluded that Plaintiff has moderate limitations in her mental capacity, specifically that she

had greater than mild limitations in social interaction, understanding and adapting, but that she could understand, remember and apply simple directions and instructions and perform simple, routine and repetitive tasks with occasional interaction with others.

The ALJ credited Plaintiff's testimony that she does not go places alone and is unable to do tasks that require significant exertion. The ALJ also credited her husband's statements that she experiences episodes of forgetfulness and inability to make rational decisions due to her symptoms. The ALJ also credited Plaintiff's therapist's report that Plaintiff sometimes has impaired memory from her medical condition that limits her understanding, memory and ability to focus and is distracted by symptoms of her medical condition.

The ALJ found persuasive Dr. Cohen's testimony that Plaintiff's mental impairments are secondary to her physical impairments and allow her to work in a low-stress job with low production demands and occasional contact with others. The ALJ credited Dr. Cohen's testimony that her recent and remote memory skills are intact and that she has mild depression with anxiety but is not psychotic and does not have an organic impairment. The ALJ determined Dr. Cohen's opinion was persuasive because he is a board-certified psychiatrist who reviewed the entire medical record and supported his opinion with specific references to the treating medical record. The ALJ also credited Dr. Walker and Dr. Momot-Baker's assessment that Plaintiff has moderate limitations in her concentration, persistence and pace.

The Objection raises several issues with these findings. None is sufficient. First, Plaintiff argues that the ALJ's finding that Plaintiff cooperates with others and has logical thoughts has "little to do with" Plaintiff's impairment, which includes physical and psychiatric elements. However, as discussed above, the ALJ considered Plaintiff's physical and psychiatric symptoms, in addition to her mental ability to engage in certain forms of sedentary work.

7

Record evidence that could support a finding that Plaintiff has greater limitations than the ALJ concluded does not necessarily prove that the ALJ's conclusions were not supported by substantial evidence. *See, e.g.*, *DuBois v. Comm'r of Soc. Sec.*, No. 20 Civ. 8422, 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022) ("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her [residual functional capacity]. But that is not the test.").

Plaintiff also argues that record evidence contradicts the ALJ's finding that Plaintiff has moderate difficulty interacting with others. Evidence that may support contradictory findings does not necessarily show that the ALJ's conclusion was not supported by substantial evidence. *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) ("Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence."); *Blalock v. Berryhill*, No. 17 Civ. 6907, 2018 WL 6332896, at *14 (S.D.N.Y. Nov. 8, 2018) ("[T]he existence of contrary evidence does not negate substantial evidence supporting the ALJ's decision.").

Plaintiff also argues that the ALJ should not have relied on Plaintiff's participation in daily life to rebut her subjective statements of pain. However, the applicable regulations permit consideration of daily activities when assessing credibility. *See* 20 CFR 404.1529(c)(3)(i) (explaining that "how the symptoms may affect [a plaintiff's] pattern of daily living[] is also an important indicator of the intensity and persistence of [the plaintiff's] symptoms"). Courts in this district accordingly have affirmed ALJ determinations that considered daily activities as one factor among others. *See, e.g.*, *Sagrario M. v. Comm'r of Soc. Sec.*, No. 20 Civ. 10027, 2022 WL 1239655, at *7 (S.D.N.Y. Apr. 27, 2022) ("[T]he ALJ reasonably found Plaintiff's

complaints of disabling pain and limitation inconsistent with her activities of daily living . . . .").

Finally, Plaintiff argues that the ALJ should have relied on the opinion evidence of Mr. Gargiulo PA, LCSW Cataldo and others who Plaintiff argues properly assessed the interplay between her physical and mental impairments. The ALJ explicitly considered but rejected LCSW Cataldo and Mr. Gargiulo's opinions as unpersuasive. Under applicable regulations, ALJs must evaluate the persuasiveness of medical opinions based on factors such as specialization and consistency. *See* 20 C.F.R. § 404.1520c. The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

The ALJ reasonably concluded that Mr. Gargiulo's opinion was unpersuasive because he is a physician's assistant, and not a neurologist or psychiatrist like other medical experts the ALJ also heard from, and because Mr. Gargiulo's opinion of extreme limitations was not well supported by the objective medical evidence in the record.

Similarly, the ALJ reasonably concluded that the opinions of Ms. Cataldo, a clinical social worker, regarding Plaintiff's mental functioning were unpersuasive because they are poorly supported by her own treatment notes, which contained no results of a mental status examination; are inconsistent with Plaintiff's statements that she can self-manage funds, drive short distances, read, engage in social media and get along with others; are inconsistent with the opinion of Dr. Cohen, who is a psychiatrist; and because Ms. Cataldo noted that Plaintiff is unable to function in a work environment due to her medical issues and not mental issues.

The Court has reviewed the remaining portions of the Report as to which there was no objection and found no error, clear or otherwise.

### III. CONCLUSION

For the foregoing reasons, the Objection is **OVERRULED** and the relevant portion of the Report is **ADOPTED** in full. Plaintiff's motion to remand is **DENIED** and the Commissioner's motion for judgment on the pleadings is **GRANTED.**

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 22 and 29 and to close this case.

Dated: March 20, 2024
       New York, New York

                                               LORNA G. SCHOFIELD
                                               UNITED STATES DISTRICT JUDGE